■ In the Matter of WILLIAM PONTON, Petitioner, v RAMON RODRIGUEZ et al., Respondents.—Determination of the respondent New York State Board of Parole, dated June 21, 1990, which revoked petitioner's parole and ordered petitioner's incarceration for a period of two years, is unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Edward Greenfield, J.], entered December 6, 1990), is dismissed, without costs.

Substantial evidence supporting the determination that petitioner resisted a lawful arrest was produced at the hearing. When the petitioner was initially seized, the police officer had probable cause to believe that defendant was committing a crime. *(People v Carrasquillo,* 54 NY2d 248, 254.)

Accordingly, the determination of the Board of Parole should be upheld as it was based upon a parole violation resulting from a lawful arrest. Concur—Carro, J. P., Rosenberger, Ellerin and Kupferman, JJ.

■ PUBLIC SERVICE MUTUAL INSURANCE COMPANY, Appellant, v AGRICULTURAL INSURANCE COMPANY, Respondent.—Judgment, Supreme Court, New York County (Eugene L. Nardelli, J.), entered January 22, 1992, after a nonjury trial, dismissing plaintiff's first two causes of action for money damages, and, on the third cause of action, declaring in defendant's favor that it has no obligation to plaintiff to contribute to the settlement of a certain personal injury action, unanimously affirmed, with costs.

We agree with the trial court that defendant's policy insuring a partner of the entity sued in the underlying personal injury action does not cover claims against such insured in its capacity as a partner of such entity but only in its capacity as a general contractor of the construction work earlier performed at the building where the accident occurred and which was owned by the partnership. The complaint and bill of particulars in the personal injury action clearly demonstrate that defendant's insured was being sued not as the general contractor but only as a member of the partnership. Concur—Carro, J. P., Milonas, Rosenberger, Ellerin and Kupferman, JJ.